IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 98-301 |
| v. | : | |
| | : | CIVIL ACTION |
| ANGEL REYES | : | No. 05-1112 |

**ORDER**

AND NOW, this 21st day of July, 2005, upon consideration of petitioner's motion to vacate, set aside, or correct sentence, the government's response, petitioner's reply, the report and recommendation of United States Magistrate Judge Arnold C. Rapoport dated May 19, 2005, petitioner's memorandum dated June 20, 2005, and the government's memorandum dated July 13, 2005, it is hereby ORDERED that:

(1) the report and recommendation is APPROVED and ADOPTED;[1]

---

[1] A court may raise a time bar issue sua sponte "at any point in the proceedings, regardless of the government's position, provided the court (i) gives notice of the issue and an opportunity to respond; and, (ii) if the case has passed the Rule 4 stage, also analyzes the prejudice components of Rule 15(a) and Long[v. Wilson, 393 F.3d 390 (3d Cir. 2004)]." United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005). In this case, Magistrate Judge Rapoport indicated in his report and recommendation dated May 19, 2005 that this petition was untimely. On May 25, 2005, this court invited the parties to respond to the time bar issue. On June 20, 2005, petitioner filed a response, and on July 13, 2005, the government filed a response. Based on these facts, this court finds that there was adequate notice of the time bar issue and an opportunity to respond.

This court also finds that the timeliness issue was not raised so late in this case that there was prejudice. Petitioner filed his motion to vacate, set aside, or correct sentence on March 9, 2005. Magistrate Judge Rapoport raised the time bar issue in his report and recommendation on May 19, 2005, and the government addressed the issue on July 13, 2005. There is no evidence that between March and July 2005, petitioner commenced costly or time-consuming discovery, suffered a loss or a diminution of his ability to prepare his case, or lost another litigation opportunity elsewhere. Moreover, petitioner was provided an opportunity to respond to the time bar issue, and there is no evidence that the government acted in bad faith. Because there was no prejudice, and because there was adequate notice of the time bar issue and an opportunity to respond, this case is properly dismissed as untimely.

Finally, this court is compelled to address the due process argument petitioner raises in his objections to Magistrate Judge Rapoport's report and recommendation. According to petitioner, the time bar issue and the Third Circuit's ruling in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), that United States v. Booker, 543 U.S. ---- (2005), does not apply retroactively to cases on collateral review are irrelevant based on the due process principle in Fiore v. White, 531 U.S. 225 (2001). In Fiore, the defendant was convicted of operating a hazardous waste facility without a permit. In fact, he had a permit, but he operated the dump in a way that violated its terms. After the defendant's conviction became final, the Pennsylvania Supreme Court interpreted the statute in such a way that it became clear that the defendant should not have been convicted as charged. The defendant's conduct was not

  (2) the motion to vacate, set aside, or correct sentence is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

  (3) there is no probable cause to issue a certificate of appealability.

                 /s/
                 LAWRENCE F. STENGEL, J.

---

proscribed by the statute because it applied solely to persons operating a hazardous waste facility without a permit. The Pennsylvania Supreme Court held that this rule was not new but had always been the correct interpretation of the law. The United States Supreme Court reversed the defendant's conviction, holding that the due process clause of the Fourteenth Amendment forbids a state to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt. Id. at 228-29.

  In this case, petitioner's conduct was not beyond the power of the criminal law to punish. The court's sentencing decision in this case did not violate any constitutional principle announced by the United States Supreme Court before his sentence became final. The United States Supreme Court announced a new rule in Booker. Lloyd, 407 F.3d at 612-13. Therefore, because Fiore is distinguishable from this case, petitioner's due process argument must fail.